**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GABRIEL PARKER (M-00416), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 21-cv-04630 |
| ) | |
| CITY OF CHICAGO; ) | Judge Andrea R. Wood |
| CARLOS CANNON (Star # 12214); ) | |
| JORGE GARCIA (Star # 14895) ) | Designated Magistrate Judge: |
| JOHN SLOWINSKI (Star # 1951) ) | Jeffrey Cole |
| JAMES PIEDRASANTA (Star # 12884) ) | |
| HARACE MINNIEFILED, JR.; ) | |
| UNKNOWN OFFICER 1, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW OF DEFENDANTS CARLOS CANNON, JORGE GARCIA, JOHN SLOWINSKI AND JAMES PIEDRASANTA IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

NOW COME the Defendants, CARLOS CANNON ("Cannon"), JORGE GARCIA ("Garcia"), JOHN SLOWINSKI ("Slowinski") and JAMES PIEDRASANTA ("Piedrasanta") ("collectively referred to herein as "Moving Defendants"), by and through their attorneys, Francis P. Cuisinier and Edward D. Mizera, and for their Memorandum of Law in support of their Motion to Dismiss under Rule 12(b)(6), state as follows:

### I. INTRODUCTION

Plaintiff brings this action under §1983 of the Civil Rights Act, raising allegations that the Moving Defendants deprived Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments. Plaintiff claims that he was arrested on February 19, 2021 by Cannon and Garcia, who were responding to a call of battery in their individual capacity as police officers with the City of Chicago Police Department. Plaintiff contends that he was suffering from some form of mental

1

illness which required him to take psychiatric medications. Plaintiff further contends that the Moving Defendants were on notice of Plaintiff's mental health issues, yet failed to take sufficient steps to provide medical attention which allegedly resulted in Plaintiff's pain, suffering and emotional distress.

Plaintiff has failed to plead sufficient facts to state a plausible claim that the officers had notice of the seriousness of Plaintiff's condition and intentionally failed to act to protect him. Plaintiff's Amended Complaint therefore fails to meet the minimum pleading requirements to state a claim against the Moving Defendants upon which relief may be granted, and should be dismissed as a matter of law.

## II.  ALLEGATIONS OF THE PLAINTIFF'S COMPLAINT

Plaintiff, Gabriel Parker, is a 38 year old man who is currently incarcerated at the Dixon Correctional Center in Dixon, Illinois. (Dkt. No. 14, ¶ 7)[1]. On February 19, 2021, Chicago Police Officers Canon and Garcia responded to a call of a battery in progress at a hotel located at 660 North State Street, Chicago, Illinois. (Dkt. 14 ¶ 10). Plaintiff was arrested by Cannon and Garcia and transported to the 18th District Police Station. (Dkt. No. 14, ¶ 13). At the time of his arrest, Plaintiff was extremely agitated, shouting, kicking and punching the doors and windows of the police vehicle. (Dkt. 14 ¶ 14). At the time of his arrest, Plaintiff was taking his prescribed medication for mental illness. (Dkt. No. 14 ¶ 15).

Plaintiff arrived at the 18th District station at or about 1:35 p.m. He remained in an extremely agitated state, spitting at the police officers. (Dkt. No. 14 ¶ 16). Cannon and Garcia placed Plaintiff in an interview room or holding cell where Plaintiff proceeded to kick a glass window, causing it to crack. (Dkt. No. 14, ¶ 17 & 18). Cannon and Garcia then moved Plaintiff to

---

[1] Defendants' citations to Plaintiff's Complaint are in no way admissions to the truth of the allegations.

2

a different holding cell in the police station. (Dkt. No. 14 ¶ 19). While in the second holding cell, Plaintiff discovered a 3 to 4 inch long sharp metal object. (Dkt. No. 14 ¶ 20). Plaintiff then began to cut his arms with the metal object. (Dkt. No. 14 ¶ 21).

The Amended Complaint further alleges that at 8:05 a.m. the following morning, Plaintiff was transported to Illinois Masonic Medical Center with abrasions on his left forearm. (Dkt. No. 14 ¶ 24). He presented with a history of schizophrenia and bipolar affective disorder. (Dkt. No.14 ¶ 26). The doctors noted that Plaintiff's mental illness was poorly controlled. (Dkt. No. 14 ¶ 26). At the hospital, he was given anti-psychotic medication – Geodon (Ziprasidone). It was also noted that he had received anti-psychotic medication in the form of Haldol the prior day at Northwestern Hospital. (Dkt. No. 14 ¶ 29). The doctor allegedly informed certain unnamed Chicago police officers that Plaintiff would require daily anti-psychotic medication (Dkt. No. 14 ¶ 30).

Plaintiff was thereafter taken to the central male lockup at the 1st District, where he was placed in a padded cell. (Dkt. No. 14 ¶ 31). He allegedly re-opened his wounds with a sharp metal object that he had previously found. (Dkt. No.14 ¶ 34). At 8:00 p.m. on February 20, 2021, Plaintiff allegedly told Officer Slowinski that he intended to harm himself and that he was a "professional cutter." (Dkt. No. 14 ¶ 38). At 9:10 p.m. on February 20, 2021, Plaintiff allegedly told Officer Piedrasanta that he intended to harm himself. (Dkt. No. 14 ¶ 39). Plaintiff was thereafter transported to Illinois Masonic Hospital, arriving at the emergency room at approximately 9:57 p.m. *Id.*

At approximately 4:25 p.m. On February 21, 2021, Plaintiff allegedly removed his bandages again, showing Officer Slowinski his wounds which had reopened, causing them to bleed. (Dkt. No. 14 ¶ 47). Plaintiff told Officer Slowinski that he intended to continue opening the wounds until they were squirting blood. (Dkt. No. 14 ¶ 48). He also allegedly told Officer

3

Slowinski that he intended to kill himself (Dkt. No. 14 ¶ 48). At 5:35 p.m., Officer Slowinski had Plaintiff transported to Northwestern Memorial Hospital for a further psychiatric evaluation and for treatment to his arms (Dkt. No. 14 ¶ 49).

### III. ARGUMENT

#### A. CLAIMS AGAINST CANNON AND GARCIA

Count I of the Plaintiff's Amended Complaint has been brought against Officer Cannon and Officer Garcia under §1983, based upon an alleged denial of medical care. Count V, seeks recovery against these two Defendants under a theory of a failure to protect under the Fourth and Fourteenth Amendments. The allegations of the Amended Complaint show a limited involvement of Cannon and Garcia in relation to the Plaintiff's arrest and processing at the 18th District Station. Plaintiff contends that they were aware of his mental illness and that Plaintiff exhibited symptoms of erratic behavior by kicking and punching the windows of the police vehicle, spitting at the officers and cracking a window in his holding cell. (Dkt. No. 14, 15 & 16). Plaintiff also contends that Officer Cannon and Officer Garcia failed to inspect the second holding cell that he was placed in, which allegedly had a cutting object that Plaintiff used to cut his arms.

The Amended Complaint fails to allege that Cannon and Garcia knew the cutting object was in the second holding cell. The Amended Complaint also fails to allege any interaction between Officers Cannon and Garcia and Plaintiff over the next three days, when he was transported at various times by other officers for medical treatment and psychiatric treatment.

To determine whether a failure to respond to a medical need was objectively unreasonable, the Court must consider four factors: (1) whether the officer had notice of the condition (2) the seriousness of the condition (3) the scope of the requested solution (4) police interests, including administrative penological or investigatory concerns. *Slabon v. Sanchez* 15-cv-8965, 2021 WL

4146909, at *21, 22 (N.D. Ill. 2021). Objective reasonableness in this context is measured by whether an officer having actual notice of the arrestees medical condition acted reasonably. *Id*. Officers must receive some notice of suicide risk before their failure to intervene can be considered objectively unreasonable. *Saucedo v. City of Chicago*, No. 11 C 5868, 2015 WL 3643417, at *4 (N.D. Ill. 2015).

This Court commented in its Memorandum Order October 15, 2021, that Plaintiff apparently faults the officers for not inspecting the second holding cell before placing him in it allowing him to find a metal object he used to cut himself. (Dkt. No. 8, Page 4). The Court correctly noted that this would amount to negligence at most. *Id*. Negligence or even gross negligence is not actionable under §1983. *Huber v. Anderson*, 909 F.3d 2001, 2008 (7th Cir. 2018). Furthermore, the Amended Complaint shows that other officers called for an ambulance after Plaintiff allegedly cut himself the first time. There is nothing in the Amended Complaint to support an argument that Officer Cannon or Officer Garcia intentionally failed to act or protect Plaintiff from harming himself. Therefore, there is nothing to suggest that their actions were objectively unreasonable.

Moreover, Plaintiff fails to allege that Officers Cannon and Garcia did anything to cause Plaintiff's alleged injuries. Rather, Plaintiff alleges that an unknown officer watched as Plaintiff cut himself and called him "stupid" and did not attempt to take the sharp object away. (Dkt. 14, ¶ 20-22). Officers Cannon and Garcia's conduct did not cause Plaintiff's alleged harm.

For these reasons, the allegations against Officers Cannon and Garcia should be dismissed.

### B. CLAIMS AGAINST PIEDRASANTA

Count II has been brought against Officer Piedrasanta, alleging a failure to protect Plaintiff under the Fourth Amendment. The allegations against Officer Piedrasanta are similarly insufficient to state a claim upon which relief may be granted. According to the Amended Complaint, Officer

Piedrasanta's involvement with Plaintiff transpired over the course of one hour on February 20, 2021. At 9:00 p.m. on that date, Plaintiff allegedly told Officer Piedrasanta that he intended to harm himself. (Dkt. No. 14 ¶ 39). Plaintiff admits that he was thereafter transported to Illinois Masonic Hospital arriving at the emergency department at approximately 9:57 p.m. (Dkt. No. 14 ¶ 39). Upon arrival, the officers who transported Plaintiff to the hospital told a nurse that Mr. Parker had been cutting his forearms and reported suicidal thoughts. (Dkt. No. 14 ¶ 41-42). These bare allegations do not in any way support an argument that Officer Piedrasanta intentionally failed to act to protect Plaintiff. To the contrary, his actions to transport Plaintiff for treatment at the Illinois Masonic Emergency Room were objectively reasonable. He did not violate Plaintiff's Civil Rights as a matter of law.

For these reasons, the allegations against Officer Piedrasanta should be dismissed.

C. **CLAIMS AGAINST SLOWINSKI**

Count II also includes allegations against Officer Slowinski, whose interactions with Plaintiff were similarly brief and unremarkable. At 8:00 p.m. on February 20, 2021, Plaintiff allegedly told Officer Slowinski that he intended to harm himself and that he was a professional cutter. (Dkt. No. 14 ¶ 38). Plaintiff was thereafter transported to Illinois Masonic Hospital, arriving at 9:57 p.m. (Dkt. No. 14 ¶ 39). The next day, February 21, 2021 at 4:25 p.m., Plaintiff allegedly removed his bandages in Officer Slowinski's presence. (Dkt. No. 14 ¶ 47). He allegedly told Officer Slowinski that he intended to continue opening his wounds until they were squirting blood and that he intended to kill himself. (Dkt. No.14 ¶ 48). One hour later, Officer Slowinski had Plaintiff transported to Northwestern Memorial Hospital for psychiatric evaluation and for treatment for his wounds. (Dkt. No. 14 ¶ 49).

6

The claim against Officer Slowinski as found in Count II is based upon an alleged failure to protect under the Fourth Amendment. The allegations of the Amended Complaint do not support such a claim. To the contrary, the Amended Complaint supports the opposite conclusion that Officer Slowinski took reasonable actions to protect Plaintiff by having him transported for medical treatment on February 20, 2021, and again on February 21, 2021. Nothing in the Complaint suggests that Officer Slowinski did anything to violate the Plaintiff's civil rights.

For these reasons, the allegations against Officer Slowinski should be dismissed.

### IV. CONCLUSION

In conclusion Plaintiff cannot base his claims against Officers Cannon, Garcia, Piedrasanta and Slowinski on a conclusory allegation that they failed to protect him by ensuring he received prompt medical treatment for the psychiatric condition. The facts alleged in the Amended Complaint fail to set forth a plausible argument implicating these Defendants in a civil rights claim. Case of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Therefore, the Amended Complaint against the Moving Defendants should be dismissed.

Dated this 9th day of May, 2022

Respectfully Submitted,

*/s/: Francis P. Cuisinier*
Francis P. Cuisinier

Francis P. Cuisinier (ARDC # 0553328)
Edward D. Mizera (ARDC # 6313516)
Special Assistant Corporation Counsel
Ruberry, Stalmack & Garvey, LLC
10 S. LaSalle St., Suite 1800
Chicago, Illinois 60603
(312) 466-8050
pat.cuisinier@ruberry-law.com
Edward.mizera@ruberry-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 17, 2022, I electronically filed the foregoing **Memorandum Of Law Of Defendant's Carlos Cannon, Jorge Garcia, John Slowinski And James Piedrasanta In Support Of Rule 12(b)(6) Motion To Dismiss** with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                  */s/: Francis P. Cuisinier*
                                                     Francis P. Cuisinier