'IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GABRIEL PARKER, )
)
Plaintiff, )
)
v. )
)    Case No. 21-CV-04630
CITY OF CHICAGO, CARLOS CANNON, )
JORGE GARCIA, JOHN SLOWINSKI, )    Honorable Judge Andrea R. Wood
JIMMY PIEDRASANTA, HARACE )
MINNIEFIELD, JR.; AND UNKNOWN )
OFFICER 1, )
)
Defendants. )

## DEFENDANT CITY OF CHICAGO'S 12(b)(6) MOTION TO DISMISS

Defendant City of Chicago ("City"), by and through its attorney, Celia Meza, Corporation Counsel for the City of Chicago, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits its Motion to Dismiss, and respectfully requests that this Honorable Court dismiss Plaintiff's *Monell* claim. In support thereof, Defendant City states as follows:

## INTRODUCTION

On February 19, 2021, Plaintiff Gabriel Parker was arrested[1] after attacking victim K.W. *See* Plaintiff's Complaint, Dkt. No. 14, at ¶ 3. Chicago Police Officers (hereinafter "officers") initially transported and held him at the 18th District police station. *Id.* at ¶ 13. On or about February 20, 2021, at approximately 8:05 a.m., after cutting himself, officers transported Plaintiff to Illinois Masonic Medical Center. *Id.* at ¶ 24. The hospital noted

---

[1] Plaintiff makes no complaints of his arrest.

that Plaintiff had received antipsychotic medication Haldol the prior day at Northwestern Memorial Hospital. *Id.* at ¶ 29. Doctors informed officers that Plaintiff required only daily antipsychotic medication. *Id.* at ¶ 30.

After the hospital visit, officers transported Plaintiff to the 1st District. *Id.* at ¶ 31. After cutting himself again on February 20, 2021, at approximately 9:10 p.m., officers transported Plaintiff back to Illinois Masonic Medical Center. *Id.* at ¶ 39. On or about February 21, 2021, at approximately 5:35 p.m., officers transported Plaintiff to Northwestern Memorial Hospital for a psychiatric evaluation after reporting he intended to kill himself. *Id.* at ¶ 49.

Thereafter, Plaintiff brought this lawsuit purportedly alleging Fourth and Fourteenth Amendment claims against the Defendant officers and a bare-bones *Monell* claim against the City.[2] Without providing any specificity or supporting facts, Plaintiff clearly tacks on a *Monell* claim here. As further discussed below, Plaintiff's *Monell* claim should be dismissed for failure to allege sufficient facts to provide notice of the claim. Also, Plaintiff fails to allege an underlying constitutional violation as to all Defendant officers except officer Minniefield. Further, Plaintiff fails to adequately plead other instances of conduct to allow this Court to draw the reasonable inference that the City acquiesced to a constitutional violation. Finally, Plaintiff's complaint does not contain

---

[2] In Count V, Plaintiff alleges that "[t]he misconduct described in this Count was undertaken by the individual Defendants within the scope of their employment and under color of law such that their employer, the City of Chicago, is liable for their actions." *Id.* at ¶ 84. To the extent Plaintiff brings a *respondeat superior* claim under § 1983, this Court should dismiss it. *Collins v. Al-Shami*, 851 F.3d 727, 734 (7th Cir. 2017) (Vicarious liability is unavailable under § 1983).

sufficient allegations to support that any alleged practice was the "moving force" behind any alleged constitutional injury.

For these reasons and those stated below, Plaintiff's *Monell* claim should be dismissed.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that, when accepted as true, will state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's statement of claims requires more than labels, conclusions, or a recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. The Court may disregard a complaint's "inconceivable" allegations. *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011).

## ARGUMENT

I.   Plaintiff's *Monell* Claim Should Be Dismissed for Failing to Allege Sufficient Facts.

In asserting a *Monell* claim against a municipality, a plaintiff must "'provid[e] some specific facts to support the legal claims asserted in the complaint." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)); *Baskins v. Gilmore*, No. 17 C 07566, 2018 U.S. Dist. LEXIS 168579, at *8 (N.D. Ill. Sep. 30, 2018). This means that "the plaintiff must give enough details about the subject-matter

3

of the case to present a story that holds together." *McCauley*, 671 F.3d at 616 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Conclusory allegations alone cannot sustain a *Monell* claim. *Id.* Instead, only when specific factual allegations are asserted can the Court evaluate whether a *Monell* claim has been adequately stated. *Watson v. City of Chi.*, No. 15 C 11559, 2017 U.S. Dist. LEXIS 232985, at *8 (N.D. Ill. Aug. 23, 2017).

As such, failure to train, supervise, control, and/or discipline claims under *Monell* require specific allegations including identifying and articulating the specific policy. *Carmona v. City of Chi.*, No. 15-CV-462, 2018 U.S. Dist. LEXIS 1892, at *9 (N.D. Ill. Jan. 5, 2018) ("courts regularly reject boilerplate [failure-to-train and failure-to-discipline] allegations like Plaintiff's that lack any supporting facts"); see also *Jackson v. City of Chi.*, No. 20 C 5886, 2021 U.S. Dist. LEXIS 164675, at *17 (N.D. Ill. Aug. 21, 2021) ("To adequately allege a *Monell* claim [for failure to train or supervise], [the plaintiff] cannot merely generally allege the City broadly had a policy that led to officer misconduct—he must allege some factual details about the nature of the policy."). Plaintiff fails to do so and his *Monell* claim therefore fails.

For example, in *Foy v. City of Chicago*, No. 15 C 3720, 2016 U.S. Dist. LEXIS 63346, 2016 WL 2770880, at *9 (N.D. Ill. May 12, 2016), this District rejected a *Monell* claim premised on failure-to-train allegations because the allegations were boilerplate, and failed to "articulate what specific training was lacking." The court also rejected the plaintiff's boilerplate failure-to-discipline allegations explaining that plaintiff "never

4

articulate[d] what the City's actual practice is for disciplining officers that engage in the misconduct that allegedly occurred. *Id.*

Several other courts in this District have similarly rejected conclusory *Monell* allegations regarding a failure to train or discipline. *See, e.g., Peterson v. City of Chicago*, 2015 U.S. Dist. LEXIS 199171, 2015 WL 13882814, at *4 (N.D. Ill. June 23, 2015) (dismissing a failure-to-train claim because it was based on conclusory allegations); *Hardy v. Wexford Health Sources, Inc.*, No. 12-CV-6554, 2015 U.S. Dist. LEXIS 43411, *14 (N.D. Ill. Apr. 2, 2015) ("Absent allegations of what training [ ] was lacking and how that deficiency impacted [plaintiff's] health or that of his fellow inmates, [plaintiff] has failed to state a claim for deliberate indifference due to a failure to train"); *Petropoulos v. City of Chi.*, No. 19-cv-03206, 2021 U.S. Dist. LEXIS 54578, at *23 (N.D. Ill. Mar. 23, 2021) ("*Monell* claims require allegations of specific failures to train"); *Harris v. Kruger*, No. 13-CV-8584, 2015 U.S. Dist. LEXIS 6977, *5 (N.D. Ill. Jan. 22, 2015) (dismissing failure to train and discipline *Monell* claims where the plaintiff failed to "allege what is the policy or practice," and alleged "only that the policy results in misconduct"); *Kowalski v. Cty. of DuPage*, 2013 U.S. Dist. LEXIS 110967, *2 (N.D. Ill. Aug. 7, 2013) (holding that an otherwise unsupported allegation that defendant municipality had failed to train and supervise its police officers on the appropriate amount of force to use in apprehending suspects was insufficient to state a *Monell* claim); *Suber v. City of Chicago*, No. 10 C 2876, 2011 U.S. Dist. LEXIS 48335, *4 (N.D. Ill. May 5, 2011) (dismissing *Monell* claim when the "complaint [was] devoid of any plausible allegations about how Defendants failed to train

5

their police officers despite foreseeable consequences and/or repeated complaints of constitutional violations").

Here, Plaintiff alleges, in conclusory fashion and without any supporting factual detail, that the City caused the alleged misconduct by failing to adequately train, supervise, control, and discipline its police officers. Plaintiff provides the City though with absolutely no facts in his Complaint to give it sufficient notice. In Counts I to III, Plaintiff simply includes, and repeats for each count, in one sentence, that "[a]s a matter of policy and practice, Defendant City of Chicago encourages and facilitates this type of misconduct by failing to adequately train, supervise, control, and discipline its officers with respect to the foreseeable issues that arise related to mentally ill detainees." *See* Plaintiff's Complaint, Dkt. No. 14, at ¶¶ 60, 66, 73, 79. In Count V, Plaintiff changes it, again in one sentence, to even less: "[t]he misconduct described in this Count was undertaken pursuant to the custom, policy, and/or practice of the City of Chicago, such that Defendant City of Chicago is also liable." *Id*. at 79.

Plaintiff provides no further allegations related to his *Monell* claim. He does not articulate what the City's actual practice is for disciplining officers that caused the alleged misconduct. He does not explain what specific training was lacking. He also does not elaborate on the "foreseeable issues that arise related to mentally ill detainees." He instead provides no specificity or clarity. This is not enough to survive a motion to dismiss.

For these reasons, Plaintiff's *Monell* claim should be dismissed.

1049331\310802279.v2

II.  **Plaintiff's *Monell* Claim Should be Dismissed Because Plaintiff Has Not Adequately Pled an Underlying Constitutional Violation.**

It is well settled that a plaintiff cannot prevail on a *Monell* claim without first establishing an underlying constitutional violation. *Matthews v. City of East St. Louis*, 675 F.3d 703, 709 (7th Cir. 2012). Here, as argued by the Defendant officers in their separately filed motion to dismiss and as incorporated by the City to avoid unnecessary duplication, Plaintiff's underlying Fourth and Fourteenth Amendment claims against all officers except officer Minniefield must be dismissed. As such, Plaintiff's *Monell* claim related to all Defendant officers except officer Minniefield must be dismissed.

III.  **Plaintiff's *Monell* Claim Should be Dismissed Because Plaintiff Fails to Adequately Allege that the City Acquiesced in a Constitutional Violation.**

"The path to *Monell* liability based on inaction is steeper because, unlike in a case of affirmative municipal action, a failure to do something could be inadvertent and the connection between inaction and a resulting injury is more tenuous." *J.K.J. v. Polk Cty.*, 960 F.3d 367, 378 (7th Cir. 2020); see also *Ruiz-Cortez v. City of Chi.*, 931 F.3d 592, 599 (7th Cir. 2019) ("Failure-to-supervise claims, like failure-to-train claims, are a "tenuous" form of *Monell* liability."). "[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.* (citing *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997)). As such, "[t]he Supreme Court has made plain that a failure to act amounts to municipal action for *Monell* purposes only if the County has notice that its program will cause constitutional violations." *Polk Cty*, 960 F.3d at 379 (citing *Connick v. Thompson*, 563 U.S. 51, 61-62). "Demonstrating that notice is essential to an ultimate finding and requires a

7

'known or obvious' risk that constitutional violations will occur. *Polk Cty*, 960 F.3d at 379

(citing *Bryan County*, 520 U.S. at 410 (1997)).

In other words, the plaintiff must show "deliberate indifference" on the part of the

municipality. *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

"Deliberate indifference is a stringent standard of fault, requiring proof that a municipal

actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*,

563 U.S. 51, 61 (2011) (internal quotation marks and citation omitted). To meet this

standard, the Seventh Circuit has held that a plaintiff typically must allege proof of a

prior pattern of similar constitutional violations. *Thomas*, 604 F.3d at 303. A single

incident of misconduct is not enough. *Id.*

Hence, proof of a prior pattern is generally required to allege a *Monell* claim

predicated on a failure to train, supervise, control, or discipline. *See Ruiz-Cortez v. City of*

*Chi.*, 931 F.3d 592, 600 (7th Cir. 2019) ("evidence [of other similar constitutional violations]

is normally required for a failure-to-supervise or a failure-to-train claim); *Mendez v. City*

*of Chicago*, 2019 U.S. Dist. LEXIS 173411, *3 (N.D. Ill. 2019) ("Inadequate training can form

the basis of municipal liability, although a pattern or program of constitutional violations

usually is required to make out the necessary fault and causation claims."); *Foy v. City of*

*Chicago*, No. 15 C 3720, 2016 U.S. Dist. LEXIS 63346, *9 (N.D. Ill. May 12, 2016) (dismissed

plaintiff's boilerplate failure-to-discipline allegations explaining that plaintiff "did not

allege any instances in which the City condoned similar conduct by officers at the police

station where the plaintiff's alleged constitutional deprivation occurred."); *Connick v.*

*Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by

8

untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train . . . . [w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.").

Further, these other instances of misconduct must be similar enough to the complained-of constitutional violations to make it plausible that the particular practice had the force of law. *See Calhoun*, 408 F.3d at 380 (7th Cir. 2005); *Hicks v. City of Chi.*, 2017 U.S. Dist. LEXIS 160617, 2017 WL 4339828, at *9 (N.D. Ill. Sept. 29, 2017) (facts that "have no direct or inference-generating connection" to the alleged constitutional violation cannot support a widespread practice claim); *Baskins v. Gilmore*, No. 17 C 07566, 2018 U.S. Dist. LEXIS 168579, at *10 (N.D. Ill. Sep. 30, 2018).

In the instant case, Plaintiff's *Monell* claim consists only of boilerplate legal conclusions. And, he points to no other similar instances of misconduct; instead, relying only on his own experience. There can accordingly be no reasonable inference that the City acquiesced in a constitutional violation, or disregarded a known or obvious consequence. Therefore, without more, Plaintiff cannot sustain his *Monell* claim.

IV.  <u>Plaintiff's *Monell* Claim Should be Dismissed as Plaintiff Fails to Allege that the City's Policies or Practices were the Moving Force Behind the Alleged Constitutional Violation.</u>

Plaintiff's *Monell* claim must also be dismissed pursuant to Rule 12(b)(6) because it fails to causally connect Plaintiff's allegations of any alleged practice to the alleged constitutional violations. Plaintiff must adequately allege (and, ultimately, prove later in the case) how the City, and not just the individual Chicago police officers, was

9

responsible for causing the underlying constitutional deprivation. Courts require such allegations for *Monell* claims predicated on a failure to train, supervise, control, or discipline. *Foy*, 2016 U.S. Dist. LEXIS 63346, *9 (N.D. Ill. 2016) (rejecting a *Monell* claim premised on failure-to-train because plaintiff failed to support an inference that the lack of training caused the alleged constitutional violation); *Maglaya v. Kumiga*, No. 14-CV-3619, 2015 U.S. Dist. LEXIS 101217, *5 (N.D. Ill. Aug. 3, 2015) ("Plaintiffs also fail to plead how this alleged failure to train officers was the moving force behind Plaintiffs' constitutional harm.").

Specifically, in asserting a *Monell* claim of liability, there must be a direct causal link between the municipal policy and the constitutional injury. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Bd. of Cnty. Commis of Bryan Cnty., Oakland v. Brown*, 520 U.S. 397, 407 (1997)). To show causation, a plaintiff must demonstrate that the municipality's deliberate conduct was the "moving force" behind the alleged injury. *Brown*, 520 U.S. at 404; *Johnson v. Cook County*, 526 Fed. Appx. 692, 695, 2013 WL 2005236, at *3 (7th Cir. 2013) ("deliberate action" by the municipality must be the moving force behind the constitutional violation).

First, courts look at "whether the complaint alleges a direct causal link between a policy or custom of the [municipality] and the alleged constitutional violations." *Sims*, 506 F.3d at 515; *Mikolon v. City of Chi.*, No. 14 CV 1852, 2014 U.S. Dist. LEXIS 171318, at *4 (N.D. Ill. Dec. 11, 2014). In the instance of an alleged widespread practice, it requires evidence of a true municipal policy, not a random event. *Calhoun v. Ramsey*, 408 F.3d 375, 378 (7th Cir. 2005); *see also Sroga v. Preckwinkle*, No. 14 C 6594, 2016 WL 1043427, at *8

1049331\310802279.v2

(N.D. Ill. Mar. 16, 2016) (Chang, J.). The plaintiff must show "policymakers were deliberate[ly] indifferen[t] as to [the custom's] known or obvious consequences"; that the municipality was "aware of a substantial risk' . . . and . . . 'failed to take appropriate steps to protect [plaintiff].'" *Young*, 2011 WL 1575512, at *2; *see also Brown*, 520 U.S. at 404 (1997) (identifying a policymaker's conduct attributable to that municipality is insufficient to establish a liability for a "policy"). As a result of these requirements, it is not enough for a plaintiff to plead that an alleged policy was a factor in the wrongs that he or she allegedly suffered, but rather a plaintiff must plead that it was the moving force behind his or her purported constitutional deprivations

Here, Plaintiff's *Monell* claim suffers from an insufficient connection. Nowhere in his complaint does Plaintiff allege any facts to explain how a failure to train, supervise, control, or discipline caused or relates to his own alleged experiences. Rather, Plaintiff merely recites the elements of a *Monell* claim in conclusory fashion.

As such, Plaintiff does not allege sufficient factual support to support his *Monell* claim. *Iqbal* requires factual allegations. Legal conclusions and conclusory allegations are insufficient. Plaintiff's allegations are therefore insufficient to state a claim of municipal liability, and his *Monell* claim should be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant City respectfully requests this Honorable Court dismiss Plaintiff's *Monell* claim, with prejudice.

1049331\310802279.v2

Respectfully Submitted,

CITY OF CHICAGO

*By: s/ Vincent Rizzo*

Vincent Rizzo
Hinshaw & Culbertson LLP
151 N. Franklin, Suite 2500
Chicago, IL 60606
vrizzo@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 23 2022, I electronically filed the foregoing Defendant City of Chicago's Rule 12(b)(6) Motion to Dismiss with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/ Vincent M. Rizzo*

1049331\310802279.v2